United States District Court
Southern District of Texas
**ENTERED**
February 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PEDRO ISAAC REYES-NOLASCO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-139 |
| | § | |
| MARIO GARCIA *et al.* | § | |

## ORDER

Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).[1] Given the circumstances, the Court resolves the issues without a response or hearing. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)); *see also Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989); *see also* Rules 4, 1(b) of the Rules Governing Section 2254 Proceedings.

The Court finds 8 U.S.C. § 1226(a) applies to Petitioner's detention.[2] *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3–4 (S.D. Tex. Oct. 7, 2025) (collecting cases); *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country); *Castañon-Nava v. U.S. Dep't*

---

[1] The Undersigned has already granted Petitioner's relief on the merits in a *myriad* of cases. "[Y]et Respondents insist upon denying the relief that the Court has found is required." *J.B.H.P. v. Warden, Stewart Det. Ctr.*, No. 4:25-CV-494-CDL-AGH, 2025 WL 3762821, at *1 (M.D. Ga. Dec. 30, 2025); *see also Lahera Lopez v. Noem*, No. 5:26-CV-0099-JKP, 2026 WL 198237, at *1 (W.D. Tex. Jan. 22, 2026) (Pulliam, J.) ("A path paved from an overwhelming majority of cases addressing the issues, . . . has unanimously rejected Respondents' position when faced with typical facts, such as those present here.").

[2] The Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).

1

*of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025); *Cabrera-Hernandez v. Bondi*, No. 5:25-CV-197, 2025 WL 3684694, at *3–4 (S.D. Tex. Dec. 2, 2025) (Garcia Marmolejo, J.) (noting the "strong consensus" regarding the statutory language).

For the reasons elucidated in other cases, Respondents are **ORDERED** to provide Petitioner with a bond hearing pursuant to § 1226(a) no later than **February 10, 2026**. To the extent the Petition seeks Petitioner's release, it is **DENIED**. *See Jacobo v. Ripa*, No. 2:25-CV-1190-KCD-NPM, 2026 WL 145460, at *1 (M.D. Fla. Jan. 20, 2026) (the district court is without authority to order immediate release when the appropriate relief is a bond hearing under § 1226(a)). All other relief not expressly provided is **DENIED**.

Although the Court is terminating the case, the parties are **ORDERED** to update the Court on the status of the bond hearing no later than **February 17, 2026**.

Pursuant to the Memorandum of Understanding dated January 29, 2026, the Court **FOREGOES** mail service. The Clerk of Court is **DIRECTED** to electronically serve the Petition for Writ of Habeas Corpus (Dkt. No. 1). and this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

Such service does not substitute for the requirements of formal service but is instead intended only to provide Respondents notice. **Petitioner is directed to serve Respondents in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and include a copy of this Order with that service.**

The Clerk of Court is **DIRECTED** to **TERMINATE** this civil action. The Court will enter Final Judgment under separate cover. *See* Fed. R. Civ. P. 58(a).

It is so **ORDERED**.

**SIGNED** February 3, 2026.

Marina Garcia Marmolejo
United States District Judge